JOSEPHINE A. KUNCL, EXECUTRIX, APPELLEE, v. ADOLPH J. KUNCL ET AL., APPELLANTS.

FILED FEBRUARY 19, 1916. No. 18627.

1. **Trusts: SUIT TO ENFORCE: PARTIES: WAIVER.** The defense that an executrix cannot maintain an action to enforce, in favor of the estate of testator, a resulting trust against a defendant to whom the legal title to realty in controversy had been conveyed is waived unless interposed by demurrer or answer. Rev. St. 1913, secs. 7666, 7668.

2. **Appeal: IMMATERIAL VARIANCE.** On appeal, a judgment will not be reversed for an immaterial variance between the pleadings and proof.

3. **Trusts: RESULTING TRUST.** Where the purchaser of realty buys it for himself and pays the purchase price with his own funds, but takes the legal title in the name of his brother for the purpose of giving the latter credit and standing in conducting a mercantile business on the premises, equity may declare a resulting trust.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Bartos & Bartos* and *Hall & Bishop,* for appellants.

*George H. Hastings, Robert R. Hastings* and *Rolland F. Ireland, contra.*

ROSE, J.

This is a suit to enforce a trust, the property involved being a lot and store building in the village of Lawrence, Nuckolls county. In the petition it is alleged, in sub-

stance, that Frank J. Kuncl bought the property for himself with his own funds, but, September 22, 1908, had the legal title conveyed to Adolph J. Kuncl, defendant, a younger brother, for the purpose of giving him credit and standing in conducting a mercantile business on the premises. In the answer the alleged trustee pleaded ownership of the realty, a settlement and an accounting June 4, 1912, showing an indebtedness of $850 owing by him, and an agreement to pay it January 1, 1913. The reply was a general denial. July 6, 1912, Frank J. Kuncl willed one-third of his property to his wife and the remainder in equal shares to his three children. He died July 19, 1912. His widow, Josephine A. Kuncl, is executrix of the duly-probated will, and sues in that capacity. Alice Kuncl, the wife of Adolph, is joined as a defendant. The trial court found the issues against defendants and required them to convey the disputed title to plaintiff. Defendants have appealed.

The judgment is assailed on the ground that the executrix, as such, has no right to maintain the suit; it being asserted by defendants that the cause of action stated, if any, exists in favor of the widow and the children individually. The point is raised for the first time on appeal. The defense that an executrix cannot maintain an action to enforce, in favor of the estate of testator, a resulting trust against a defendant to whom the legal title to realty in controversy had been conveyed is waived unless interposed by demurrer or answer. Rev. St. 1913, secs. 7666, 7668; *Gentry v. Bearss*, 82 Neb. 787.

Defendants also complain of a variance between the petition and the proof on which plaintiff relies to sustain the judgment. This point seems to be based on the proposition that plaintiff pleaded an express trust which is without support in the evidence, while the trial court enforced a resulting trust. Though the petition contains an averment that the grantee named in the deed had agreed to convey the premises to Frank J. Kuncl upon request, ultimate facts showing a resulting trust are fully

pleaded. Defendants were not misled or prejudiced by allegations applicable to an express trust. Proofs relating to the transactions were adduced on both sides. There was no jury to be confused by unnecessary averments of the petition or by immaterial testimony. The issues were determined according to the facts as understood by the presiding judge. The same course will be pursued on appeal, as directed by the Code, which declares:

"No variance between the allegation in a pleading and the proof is to be deemed material unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits." Rev. St. 1913, sec. 7706.

The principal question argued is the sufficiency of the evidence to justify the relief granted to plaintiff. The conclusion on appeal is the same as that reached by the trial court. The proper deduction from all of the evidence, though conflicting in some respects, is that Adolph J. Kuncl acquired the legal title to the lot in controversy as trustee for Frank, who devised it to his wife and children July 6, 1912. There is convincing proof that Frank bought the lot for himself with his own funds for $1,000; that he afterward constructed a brick store building on the premises with his own funds at an expense exceeding $4,000; that the deed was delivered to him; that he had it recorded; that he received and retained possession of the abstract; that he treated the lot as his own property; and that Adolph, after acquiring the legal title, recognized Frank's ownership. An analysis of the evidence would prolong the opinion without profit. The only proper inference from the relations of the parties, from their methods of doing business, from their attitude towards each other, from the transactions between them, and from the testimony of the witnesses in relation to these matters, is that the legal title was conveyed to Adolph, who was a stranger in Lawrence, for the purpose of giving him credit and standing as a merchant conduct-

ing a general store on the premises.  This inference is not overcome by legal presumptions or by testimony of a different import.

When all of the circumstances are considered, proof of the settlement pleaded as a defense is not convincing. The business integrity of Frank is reflected throughout the record.  He made a will July 6, 1912, in which he specifically devised the lot in controversy to his wife and children.  According to the answer and to Adolph's testimony, the settlement was made June 4, 1912.  An impartial examination of the record will not permit a finding that Frank then made a settlement, having the import pleaded in the answer, and a few days later devised the lot in controversy to his wife and children.

There is no error in the proceedings, and the judgment is

AFFIRMED.