JULIA AHRENS ET AL., APPELLEES, v. LINCOLN G. SIMON, APPELLANT: B. A. JONES ET AL., APPELLEES.

FILED NOVEMBER 3, 1917. No. 19598.

1. **Trusts: RESULTING TRUST.** Where two persons enter into an agreement to purchase real estate, and each contributes one-half of the purchase price, but the title is taken in the name of one of the parties, a resulting trust immediately arises in favor of the other to the extent of his interest.

2. Evidence examined, and *held* sufficient to sustain the decree of the district court.

APPEAL from the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland* and *Stout, Rose & Wells,* for appellant.

*Wilcox & Halligan* and *J. L. McIntosh, contra.*

MORRISSEY, C. J.

Plaintiffs, as the representatives of Milton Ahrens, deceased, instituted this proceeding in the district court for Cheyenne county for the purpose of establishing an undivided one-half interest in a quarter-section of land, which it is alleged had been purchased jointly by Milton Ahrens, now deceased, and the defendant, Lincoln G. Simon, and the title deed taken in the name of Simon, but for the benefit of both. The court entered a decree in favor of plaintiffs, and defendant has appealed.

There is little dispute between the parties as to the rule of law which would create a resulting trust, but they differ widely in the effect which they would give the evidence. Ahrens' contribution to the purchase price is shown by oral testimony, by the books of the bank through which the deed passed, and by a check, of even date with the transaction, marked "Exhibit A," and bearing a notation upon its face, claimed to be in the handwriting of Mr. Ahrens, showing that it was given in connection with the purchase of the land in controversy. The notation upon this check is denominated by appel-lant as a self-serving hearsay declaration, and we are urged for this reason to reject it. The check was found with other canceled checks of Ahrens, in the bank against which it had been drawn, after the death of Ahrens, and the circumstances are such, plaintiff says, that we may assume that the notation was made at the time of the transaction, and before the check was presented for payment. The check is for the sum of $575.06. And this amount, added to other items of charge made by the bank

through which the deal was had, foot up exactly one-half the purchase price of the land.

The evidence is sufficient to sustain the decree without the notation on this check. Considering all the evidence including the admissions made by defendant himself there is no escape from the conclusion that Ahrens and Simon arranged to purchase this land, each to have an undivided one-half interest, and each to contribute one-half of the purchase price, and that, pursuant to this agreement, Mr. Ahrens contributed one-half of the cash payment at or before the delivery of the deed to Simon.

The decree is amply sustained, and the judgment is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.