FRED E. BODIE, RECEIVER, APPELLEE, V. W. A. ROBERTSON, TRUSTEE ET AL., APPELLEES: WILLIAM F. GILLISPIE ET AL., APPELLANTS.

FILED APRIL 16, 1925.   No. 23037.

Evidence examined, and *held* sufficient to support the findings and decree of the district court.

APPEAL from the district court for Cass county. JAMES T. BEGLEY, JUDGE. *Affirmed.*

D. O. Dwyer, for appellants.

Gaines, Van Orsdel & Gaines, C. A. Rawls, A. G. Cole, C. E. Tefft and W. A. Robertson, contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

EVANS, J.

This is an action originally brought by the Bank of Cass County to subject the real estate hereinafter described, the title to which at the commencement of the action was standing in the name of W. A. Robertson, to the payment of a certain indebtedness growing out of notes of J. H. McMaken due to it. The Nehawka Bank of Nehawka and the

First National Bank of Plattsmouth also held notes, the payment of which was secured by the same real estate, and for that reason they were made parties. The origin of this indebtedness was also in the McMaken notes. The appellants claimed a prior lien by reason of attachments issued in suits brought by them in which Charles C. Parmele was defendant and levied upon the said real estate as his property. There was a finding and decree against the attaching creditors of Parmele as to priority, from which decree both creditors appeal.

The facts are as follows: On or about September 16, 1918, J. H. McMaken executed and delivered a warranty deed, absolute in form, conveying lots 1, 2, 3, and 4, in block 22, city of Plattsmouth, to Charles C. Parmele, the consideration mentioned in the deed being $55,000, that amount being approximately the indebtedness of McMaken to the Bank of Cass County, the Nehawka Bank of Nehawka, the First National Bank of Plattsmouth, and the Pacific Junction Bank. Upon the indebtedness held by the Nehawka Bank and the First National Bank, Parmele or the Bank of Cass County, or both, admitted liability as if indorsers of the notes. Parmele was at that time the president of the Cass county bank. The possession of the property conveyed remained in McMaken, and the deed, in effect, was a mortgage to secure the indebtedness mentioned. On April 28, 1921, McMaken remained indebted to the Bank of Cass County upon four promissory notes aggregating with interest the sum of $17,919.57. At the same time he was indebted to the Nehawka Bank, on a note transferred to it by the Bank of Cass County, in the sum of $5,000 and interest, the interest on May 16, 1921, amounting to $326.56. He was also indebted to the First National Bank on a promissory note transferred to it by Charles C. Parmele in the sum of $5,000. During all of this time Parmele had been president or director of the Cass county bank. Prior to April 28, 1921, Parmele was required by the department of trade and commerce of the state to take out of the Cass county bank enough of the McMaken notes to reduce its

holdings to the legal limitations—$15,000. The Nehawka Bank demanded and received better security for its $5,000 and interest. This was accomplished by surrendering to McMaken all of his outstanding notes. He, in turn, conveyed to Parmele, by quitclaim deed, the real estate heretofore mentioned, and delivered possession thereof to Parmele. W. A. Robertson joined Parmele in notes to the Nehawka bank in the amount due it, and Parmele conveyed the real estate to Robertson to secure him against loss by reason of the notes so given to the Nehawka Bank. Parmele and Robertson were both directors of the Bank of Cass County. On November 12, 1921, the Nehawka Bank insisted upon and received from W. A. Robertson a mortgage on the same real estate in terms securing the notes held by it. On about December 13, 1921, the Bank of Cass County ceased to do business as a bank, and Fred E. Bodie was appointed, qualified, and became receiver of said bank. The appellant Gillispie, being a creditor of said Charles C. Parmele in a sum of about $2,700, on August 18, 1921, began a suit against the latter and caused a writ of attachment to be issued and levied upon the real estate above described, on the grounds that it had been conveyed in fraud of creditors and without consideration. On November 25, 1921, judgment against Parmele was rendered in that action in the sum of $2,812.88 and special execution issued for the sale of the property. At the same time the appellant Morgan Waybright, following the course of procedure above outlined, secured judgment against Parmele on November 25, 1921, for $6,478 and had special execution issued against the real estate mentioned herein. By stipulation of all parties interested the sale was postponed 30 days to await the decision of this case. The decree of the district court found in favor of the receiver of the Bank of Cass County, the Nehawka Bank of Nehawka, the First National Bank of Plattsmouth, and as to priority against the appellants. The decree awarded a first lien to the Nehawka Bank in the sum of $5,813.73, a second lien to Fred E. Bodie, as receiver of the Bank of Cass County,

and the First National Bank of Plattsmouth to *pro rate* in accordance with the amounts due each, being $19,059.63 and $5,527.78, respectively, requiring, however, that the First National Bank should first exhaust the collateral security held by it, and awarded the appellants a third lien prorated in accordance with the amounts due each. There is no appeal by the receiver or either of the banks. The question presented is: Do the attachments levied by appellants have priority over the liens of the banks and receiver, the principal contention of the appellants being that the deed from Charles C. Parmele to W. A. Robertson is void in so far as it is sought thereby to create or preserve liens prior to the attachments of the appellants in favor of the banks or the receiver? There is practically no dispute as to the facts.

The real estate in controversy was conveyed and possession thereof delivered to Parmele in June, 1921. The consideration to McMaken, which passed when the deed was delivered, was the return to him of all his notes, including those held by the Nehawka Bank and the First National Bank, as well as those in the Bank of Cass County, and, in addition, there was an agreement requiring Charles C. Parmele to convey to W. A. Robertson the real estate in question, which was taken by him, charged with the indebtedness of McMaken to the Bank of Cass County and First National Bank. Active fraud is nowhere shown or suggested in this transaction. The consideration comes from the three banks, and the transfer to Robertson brings the case clearly within the rule heretofore announced by this court. The consideration for the conveyance of the land by McMaken to Parmele was the cancelation of his indebtedness to the banks, and while the title was taken in the name of Parmele it was held for the benefit of the banks, and Parmele at no time claimed the property as his own. He was then president of the Bank of Cass County, through whom the indebtedness held by the other banks was negotiated, and his conduct throughout the series of transactions is entirely consistent with the conditions stated. The representatives of the vari-

ous banks interested acted in good faith. "Where one person buys land in his own name, but with money, and for the use of another, the latter is the equitable owner of the property and the former holds the title in trust. A resulting trust is not within the statute of frauds, and parol testimony is admissible to prove the purchase for, and payment of the consideration by, the beneficiary, even though the deed recites the consideration was paid by the grantee." *Chicago, B. & Q. R. Co. v. First Nat. Bank,* 58 Neb. 548. See, also, *Doll v. Doll,* 99 Neb. 82; *Kuncl v. Kuncl,* 99 Neb. 390; *Ahrens v. Simon,* 101 Neb. 739; *Bear v. Koenigstein,* 16 Neb. 65.

The appellants urge the statute of frauds in their own behalf and against the recognition of a trust in favor of the receiver and the banks. The statutory provisions applicable are as follows: "No estate or interest in land, other than leases for a term of one year from the making thereof, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by operation of law, or by deed of conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same." Comp. St. 1922, sec. 2451. "The preceding section shall not be construed to affect in any manner the power of a testator in the disposition of his real estate by a last will and testament, nor to prevent any trust from arising or being extinguished by implication or operation of law." Comp. St. 1922, sec. 2452. These sections have been before this court frequently for application and construction and it has been held:

"The statute of frauds does not render a contract void, but voidable at the option of either party. But it does not require a party to ignore considerations of moral obligation, equity, and good faith, by pleading the same; and a creditor cannot do so." *Cresswell v. McCaig,* 11 Neb. 222; approved in *First Nat. Bank v. Blair State Bank,* 80 Neb. 400. See, also, *Rickards v. Cunningham,* 10 Neb. 417; *Happ v. Ducey,* 110 Neb. 429; *Greusel v. Payne,* 107 Neb. 84.

The appellants stand in the position of private creditors of Charles C. Parmele. "The private creditors of the trustee have no claim on trust property where the trust has been created by or the fund has proceeded from some person other than the debtor, and their attachment of it will not hold, though the title stands in the name of the trustee as an individual, and the creditor has no notice of the trust." 2 Perry, Trusts (6th ed.) sec. 815*b*.  See *Raasch v. Lund Land Co.*, 103 Neb. 157.

So far as the appellants are concerned, this is not an action to enforce a trust against a resisting trustee. If it were, many of the authorities they cite would be in point. But in this case both Charles C. Parmele and W. A. Robertson were, at all times material to this controversy, directors of the Bank of Cass County. "The rule is thoroughly imbedded in the general jurisprudence of both America and England that the status of directors is such that they occupy a fiduciary relation toward the corporation and its stockholders, and are treated by courts of equity as trustees. * * * The fiduciary relation is so vital that directors are not only prohibited from making profit out of corporate contracts, and from dealing with the corporation except upon the most open and on the fairest terms, but the rule of accountability is so strict that they are not permitted to anticipate the corporation in the acquisition of property reasonably necessary for carrying out the corporate purposes or conducting the corporate business." 2 Thompson, Corporations (2d ed.) secs. 1215, 1246.  See *Nebraska Power Co. v. Koenig*, 93 Neb. 68. And if, as between the corporation and the director, strict accountability is so required, where the directors, as in this case, are both endeavoring to perform their duties consistently and honestly, private creditors of one of them will not be permitted to interfere with the performance of the duty so imposed and sought to be performed.

The decree of the district court is correct, and is

AFFIRMED.