DEPARTMENT OF BANKING, RECEIVER OF FIRST STATE BANK OF BURWELL, APPELLANT, v. CORA MCMULLEN, EXECUTRIX, ET AL., APPELLEES.

278 N. W. 551

FILED MARCH 25, 1938. No. 30072.

*Clarence G. Miles, F. C. Radke, Robert H. Downing* and *Glenn E. Runyan,* for appellant.

*Prince & Prince, Guy Laverty* and *B. A. Rose, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

The department of banking of the state of Nebraska, appellant, as receiver and liquidating agent of the First State Bank of Burwell, Nebraska, filed a petition in the district court for Garfield county, for and in behalf of creditors, against all of the directors of the First State Bank of Burwell, Nebraska, seeking a judgment for $8,-215.88 as damages because of alleged making of excessive loans by them in violation of section 8-150, Comp. St. 1929. It is admitted that, at the time of the filing of the petition on March 27, 1936, two years, two months and fifteen days after plaintiff took over the bank for liquidation, two of the directors were unable to be served with summons because no one knew their whereabouts; two directors were deceased and the representatives of their estates were made parties but not served with summons; and the two other directors, William L. McMullen, Sr., and Harry J. Coffin, were served with process, but before this appeal was taken the defendant William L. McMullen, Sr., died and the proceeding was revived against the representative of his estate, Cora McMullen, executrix. Therefore, the defendants, appellees herein, are Cora McMullen, executrix, and Harry J. Coffin. Defendants McMullen and Coffin demurred to plaintiff's petition for the reasons, generally, that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, or either of them, and especially because the petition shows on its face that any and all claims asserted by plaintiff were barred by the statute of limitations. Their demurrer was sustained and, plaintiff having elected to stand upon its petition, the action was dismissed at plaintiff's costs. Motion for new trial was overruled and appeal taken to this court.

The petition alleges in substance the corporate organization of the bank, issuance of its charter and general conduct of a banking business from March 1, 1920, until January 12, 1934, at which time it became financially embarrassed and involved to such an extent that the department of banking of the state of Nebraska took it over for liquidation; that, as liquidating agent and receiver, the department of banking proceeded to collect and dispose of its property and liquidate the bank, among the assets of which was this alleged cause of action; that the paid-up capital stock was $50,000 and the surplus $10,000, a total of $60,000, 20 per cent. of which was $12,000; that William L. McMullen, Sr., and Harry J. Coffin, together with the other defendants, continuously constituted the board of directors of the bank charged with the management and control thereof as required by law; that, while defendants were officers and directors, the bank made excessive loans of its funds to one F. J. Grunkemeyer, a single individual, for his use and benefit. The petition sets out separately some 42 loans on separate dates beginning on October 9, 1928, and continuing down to and including April 11, 1931, the total sum thereof being $48,567.19; that each of said loans going to make up this aggregate sum was an excessive loan, and each loan at the time it was made, added to the amount already owing to the bank, increased the amount of his loans from the bank to exceed 20 per cent. of the paid-up capital stock and surplus of the bank; that defendants each and all participated in, knowingly assented to, and negligently permitted the making of such excessive loans upon which there has been paid and credited the sum of $40,351.31, the amount still due and unpaid being $8,215.88, by reason of which the bank has been damaged in that sum, for which plaintiff prays judgment.

We have given careful study to the allegations of the petition but have been unable to determine from pleaded facts that there ever was an excessive loan. The allegation that each of the loans going to make up the aggregate sum was an excessive loan cannot be true because the greatest

single loan was $9,000, and it must have been more than $12,000 before the loan could be excessive. The statement that each of the loans at the time it was made, when added to the amount already owing to the bank, increased the amount to exceed the sum of 20 per cent. of the capital and surplus could be true only as to the first two loans, one made on October 9, 1928, and the other October 16, 1928, either one or both of which we must assume were paid when due in the absence of pleaded facts as to the time of payment. From the statement that there has been paid and credited upon such excess loans the sum of $40,-351.31, with no date or designation of the time of payment, we are unable to come to any other conclusion except that the borrower made these payments on the first owing indebtedness. To make an overloan out of the last amounts borrowed, we must return to December 3, 1929. From this pleading we must assume, in the absence of pleaded facts, that he paid a part of the $40,351.31 at a time after excessive loans were made. This court cannot assume facts not pleaded to establish such a basis of recovery. In other words, this court cannot take the sum of $40,351.31 paid upon the loan without knowing the date of payment and, by any procedure, apply it either up or down upon the scale of the account and thereby make an excessive loan upon any date.

We find no allegation that any excessive loan caused the insolvency of the bank or that any creditor for whom this action was brought was a creditor at the time of making any excessive loan or that they were damaged as a consequence thereof. We do not find any allegation in the petition, outside of the general statement that the bank has been damaged, which shows that the Grunkemeyer loans are not now perfectly good and may still be collected. To hold the directors of a bank liable under this statute, facts pleaded by plaintiff must show that an excessive loan was, in fact, made; that the directors participated in or knowingly assented thereto, and that the person or persons for whom the action is brought were

creditors or otherwise interested at the time and sustained damages in consequence of such violation.

We find plaintiff's petition shows upon its face that any and all claims asserted by plaintiff in this action were, at the time of the filing of the petition, March 27, 1936, barred by the statute of limitations. In the case of *Wood v. Carpenter*, 101 U. S. 135, Justice Swayne said: "Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together." We approved this statement in *Branham v. Ayers*, 126 Neb. 688, 254 N. W. 259.

Counsel for the parties have, at great length and very ably, discussed the question of whether section 8-150, Comp. St. 1929, is remedial or penal in character, having in mind sections 20-206 and 20-208, Comp. St. 1929, which, in effect, provide that, if remedial, the action must be brought within four years, and, if penal, within one year. Section 8-150, Comp. St. 1929, provides, in so far as it relates to this case: "No corporation transacting a banking business in this state shall directly or indirectly loan to any single * * * individual * * * for the use and benefit of such * * * individual, more than twenty per cent. of the paid-up capital and surplus of such bank. * * * Any officer or employee of any corporation transacting a banking business under the laws of this state who shall violate or knowingly permit a violation of the provisions of this section, upon conviction thereof shall be punished by a fine not exceeding five hundred dollars. * * * If the directors of any state bank shall knowingly violate, or knowingly permit any of the officers, agents or servants

of the bank to violate any of the provisions of this section, all rights, privileges and franchises of the bank shall be thereby forfeited. * *. * In case of such violation, every director who participated in, or knowingly assented to the same, shall be held liable in his personal and individual capacity for *all damages which the bank, its shareholders, or any other person shall have sustained in consequence of such violation.*" (Italics ours.)

The petition discloses upon its face that more than four years elapsed from the time the last loan of any kind was ever made to Grunkemeyer by the bank, and that more than two years elapsed from the time the bank was taken over by the department before this action was brought. It is conceded by the parties that, if the statute is penal in character, it is barred by the statute of limitations. Plaintiff concedes that more than four years have elapsed since any excessive loan was made, but contends, however, that the statute is remedial and the statute of limitations cannot apply for the reasons, first, that the cause of action did not accrue until damages were suffered as far as the creditors are concerned on whose behalf this action was brought; second, that the directors were in full possession and control of the bank at all times and are estopped in equity to claim the benefit of the statute of limitations; and, third, that the directors were trustees of an express trust and cannot claim the benefit of the statute of limitations.

We conclude that the statute is penal in part and remedial in part. In so far as the forfeiture of the bank's charter and the imposition of a fine for a violation of the statute are concerned, it is penal. See *Bank of College View v. Nelson,* 106 Neb. 129, 183 N. W. 100. As to that part of the statute in controversy, it is remedial. We said in *Globe Publishing Co. v. State Bank of Nebraska,* 41 Neb. 175, 59 N. W. 683: "A penal statute is an act by which a forfeiture is imposed for transgressing the provisions of the act. It may also be remedial in one part and penal in another." There is an abundance of other authority for

this proposition which we deem it unnecessary to cite. In *Kleckner v. Turk*, 45 Neb. 176, 63 N. W. 469, and *Bourne v. Baer*, 107 Neb. 255, 185 N. W. 408, we said that a statute was penal because it imposed a liability, *"the extent of which is not measured or limited by the damage caused by the act or omission."* (Italics ours.) That part of the statute in controversy which provides a liability for all damages which the bank, its shareholders or any other person shall have sustained in consequence of the violation is, by analogy, remedial.

The cause of action, however, accrued when the loan was made. In *Corsicana Nat. Bank v. Johnson*, 251 U. S. 68, 87, 40 Sup. Ct. Rep. 82, the supreme court of the United States said: "The cause of action against a director knowingly participating in or assenting to such excessive loan would be complete at that moment, and entire." Plaintiff concedes in its brief that the cause of action accrued in favor of the bank when the loans were made. We can give no merit to the contention that creditors for whom this action was brought stand in any different position than the bank so far as determining when the cause of action accrues. There is no allegation in the petition that any excessive loans made the bank insolvent or that any creditor was such at the time of making any excessive loan, or that they were damaged thereby. We said in *Bourne v. Baer, supra*: "The petition in the case at bar does not allege any facts tending to show that any creditors of the corporation were induced to extend credit to it or damaged by the failure of the corporation to publish notice of its indebtedness. The liability upon which appellant herein bases his cause of action comes, therefore, within definition of a penalty set forth in *Kleckner v. Turk, supra*." See, also, *Graham v. Railroad Co.*, 102 U. S. 148; *Crowley v. Brower*, 201 Ia. 257, 207 N. W. 230; *Sheppard v. Thomas*, 24 Kan. 780.

If the statute provided a director's liability for the amount of the excessive loan, or the balance due thereon, instead of all damages actually suffered, plaintiff's con-

tention might have merit, except that the statute would then be penal in character. The recovery under this statute is not limited to the amount of the excess loan or the balance still due thereon. There is no limitation except all damages actually suffered by the unlawful act. The statute gives to any person damaged—this includes a creditor—a right to a cause of action, and any such person, if damaged, had an immediate right to begin suit. The accrual of a cause of action means the right to maintain and institute a suit, and whenever one person may sue another, a cause of action has accrued and the statute begins to run, but not until that time. So whether at law or in equity, the cause of action arises when, and only when, the aggrieved party has a right to apply to the proper tribunal for relief. When the cause of action accrues is a judicial question, and to determine it in any particular case is to settle a general rule of law for a class of cases which must be founded upon reason and justice. See 37 C. J. 810. We concede that there must be a wrong and damages as a consequence thereof, but the law cannot concede that no cause of action would arise until the damages could be exactly determined. The amount of damages recoverable may depend upon the damages incurred, but that does not toll the statute to await the accumulation thereof. In 37 C. J. 815, we find the statement: "Under the rule that an action for a breach of contract may be begun before substantial damage has been sustained, a right of action accrues and the statute begins to run at the time the contract is broken, not at the time when actual damage results or is ascertained; nor does the subsequent accrual of additional damages resulting from the same breach afford a new cause of action so as to create a new period of limitation. Where the action is based on the breach of an implied undertaking to use care and skill in the performance of services, the form of the action, whether case or assumpsit, does not vary the foregoing rule."

"The running of the statute is not delayed until plaintiff can get sufficient evidence to maintain his action."

37 C. J. 809. See *Aachen & Munich Fire Ins. Co. v. Morton,* 156 Fed. 654, 15 L. R. A. n. s. 156, and note. Whether this liability attempted to be enforced be *ex delicto* or *ex contractu* in its nature, the same rule of law governs.

Plaintiff concedes that the cause of action accrued in favor of the bank when the loans were made, but contends that the bank in this case, being in complete control of the directors, was powerless to act. Thus, plaintiff attempts to impose equitable estoppel in bar of the plea of the statute of limitations. No facts are pleaded in plaintiff's petition showing an equitable estoppel except that the directors acted continuously throughout the period of the loaning. No inducement, fraud or concealment is charged to the directors, and no want of knowledge or notice thereof is alleged on the part of this plaintiff or any creditor. We said in *Furstenberg v. Omaha & C. B. Street R. Co.,* 132 Neb. 562, 272 N. W. 756: "Estoppel must be *reciprocal and mutual.* * * * See 21 C. J. 1107 and 1139. Estoppel does not itself give a cause of action, its purpose being to preserve rights already acquired and not to create new ones. *State v. Missouri Utilities Co.,* 331 Mo. 337, 53 S. W. (2d) 394." (Italics ours.)

The case of *Mobley v. Faircloth,* 174 Ga. 808, 164 S. E. 195, 83 A. L. R. 1201, is patently in point. In that case the court said: "Where directors of a bank of this state make excessive loans in violation of the provisions of section 13 of article 19 of the banking act, * * * as a result of which the bank sustained loss and was rendered insolvent, and where the superintendent of banks of this state, after having taken possession of the particular bank as an insolvent institution, brought a suit against such directors to recover damages solely for their breach of duty in making such excessive loans, the suit was subject to demurrer upon the ground that it appeared that the cause of action was barred by the statute of limitations, where the allegations of the petition affirmatively disclosed that the loans were made more than four years before the suit was filed, but that the failure of the bank and its sur-

render to the superintendent of banks occurred less than four years before the commencement of the action, and that the directors served in that capacity and were in control of the bank continuously from the time of the making of such loans until the failure of the bank and its seizure by the superintendent of banks for the purpose of liquidation. * * * Under the facts stated above, the period of limitation is to be calculated from the date of the making of such excessive loan. The statute is not tolled or suspended because of the fact that the directors making such loan remain continuously in control of the bank's affairs until liquidation. * * * Under the banking law of this state, the affairs of all state banks must be rigidly examined by representatives appointed by the state superintendent of banks, and holding office especially for that purpose. The general assembly adopted this method of bringing irregularities and violations of the law to the notice of the interested parties and to the department of banking. It is likewise the duty of the superintendent of banks, on receiving notice of such matters, to require an immediate rectification, adopting such means as are deemed appropriate in each particular instance. The general assembly deemed this sufficient and appropriate protection to all persons interested in or dealing with banks chartered by this state." See, also, *Council v. Brown*, 151 Ga. 564, 107 S. E. 867. If plaintiff's theory is correct as to the time when excessive loans were made, there still remained one year, two months and twenty-nine days after the bank was taken over by plaintiff for liquidation before the statute of limitations would be a bar to this action. However, plaintiff waited two years, two months and fifteen days thereafter before this action was brought, at which time it was barred by the statute of limitations. This same statute under which plaintiff seeks recovery for creditors directed it to have full knowledge of any overloan at once and to give notice to interested parties. This statute gave plaintiff effective instruments of discovery, and directed plaintiff to forthwith take such steps

as were necessary to forfeit the bank's charter, prosecute the guilty and compensate the innocent who suffered damages. Surfeited with this dereliction, the court cannot supply a remedy. The natural arm of the law was never powerless to act and this court cannot now furnish an artificial substitute. Full justice, however, demands that we exonerate the present serving department of banking from this dereliction of duty.

The Nebraska cases cited by plaintiff in support of its contention that directors of a bank are trustees of an express trust are not in point here. We said in *Mayberry v. Willoughby*, 5 Neb. 368: "If the creditor, by his own fault and laches, permits the statute so to attach, whatever may be the nature or character of his claim, he cannot complain of the operation of the law, since it is by his own negligence that it can be brought to bear against him." Courts generally concede a fiduciary relationship; that is, that directors of a corporation hold the property thereof for the benefit of creditors, but only under a trust which is implied or constructive in nature and not such as to bar the statute of limitations. See *Baxter v. Moses*, 77 Me. 465, 1 Atl. 350, 52 Am. Rep. 783; *Boyd v. Mutual Fire Ass'n*, 116 Wis. 155, 94 N. W. 171; *Wallace v. Lincoln Savings Bank*, 89 Tenn. 630, 24 Am. St. Rep. 625; *Hollins v. Brierfield Coal & Iron Co.*, 150 U. S. 371. The case of *Hayden v. Thompson*, 71 Fed. 60, was a case arising under the statutes of the state of Nebraska. The court had under consideration in that case the question of whether or not there was an express trust between a bank and a depositor or creditor of the bank under the statutes of Nebraska, and whether or not the statute of limitations runs as against recovery of payment of an unauthorized dividend by the bank. Therein Judge Sanborn said: "Express trusts are not within the statute of limitations because the possession of the trustee is presumed to be the possession of the *cestui que trust*. * * * But lapse of time is as complete a bar to a constructive or implied trust in equity as at law, unless there has been a fraudulent concealment

of the cause of action." See, also, 17 R. C. L. 794, sec. 162; 37 C. J. 909.

The general rule seems to be that the statute of limitations is ordinarily available as a defense unless the action is one which will stand the triple test, to wit: First, it must be a direct or express trust; second, it must be of a kind belonging exclusively to the jurisdiction of a court of equity; and, third, the question must arise between the trustee and the *cestui que trust*. This is not an action cognizable exclusively in equity by a *cestui que trust* against a resisting trustee. In *Bodie v. Robertson*, 113 Neb. 408, 203 N. W. 590, this court said: "So far as the appellants are concerned, this is not an action to enforce a trust against a resisting trustee. If it were, many of the authorities they cite would be in point." This is not an action to preserve assets or martial the same for creditors or to restore or account for trust assets as such. This is an action for creditors upon a liability created by statute remedial in character to recover damages which must be actually suffered by some person or persons as a consequence of a violation of the statute. It is a law action now barred by section 20-206, Comp. St. 1929, which provides that an action upon a liability created by statute must be brought within four years.

The judgment of the trial court sustaining defendants' demurrer and dismissing plaintiff's petition at plaintiff's costs was right, and it is hereby

AFFIRMED.