DEPARTMENT OF BANKING, APPELLEE, V. PHIL L. HALL, JR., ET AL., APPELLANTS.

280 N. W. 844

FILED JULY 1, 1938. No. 30341.

*Dwyer & Dwyer, Gaines, McLaughlin & Gaines* and *L. Q. Hills,* for appellants.

*Robert H. Downing, G. F. Nye, F. C. Radke* and *C. G. Miles, contra.*

Heard before ROSE, EBERLY, DAY, PAINE, CARTER' and MESSMORE, JJ., and KROGER, District Judge.

CARTER, J.

This is an action at law brought by the department of banking against Phil L. Hall, Jr., Vedah W. Hall, his wife, and the American Surety Company, surety for the Halls, to recover damages for alleged fraudulent and dishonest acts of the defendants while operating the Greenwood State Bank. From judgments in favor of the plaintiff, the defendants appeal.

The defendant Phil L. Hall, Jr., during all the times hereinafter mentioned was the president of the Greenwood State Bank. The defendant Vedah W. Hall was a clerk and bookkeeper in the bank during the time that the acts complained of took place. At the time that Hall came into the bank, the bank carried among its assets an obligation owed by Sheffer & Jardine in the amount of $27,000. This amount was reduced by a $4,000 payment made by Jardine and by a further payment of $15,000 made by Sheffer by mortgaging 190 acres of land. The balance was represented by notes signed by Sheffer and his wife in the amounts of $5,350, $100, $624 and $2,126, including interest, and secured by mortgage liens subsequent to the $15,000 first mortgage. It appears that the banking department objected to the latter item, the note in the principal amount

of ' $2,000, and the defendant Phil L. Hall sold it to his mother, Helena B. Hall, her account in the bank being reduced by a corresponding amount.

It further appears that Sheffer was unable to pay interest and taxes, with the result that an agreement was entered into whereby a public auction of the land was had. The bank bid in the land at $117 an acre and it was carried on the books of the bank as "other real estate" in the amount of $8,200, subject to the first mortgage of $15,000.

On February 9, 1931, the bank became possessed of four school district warrants of the face value of $2,075. The defendant Phil L. Hall testified that he was advised by the banking department that the warrants were not properly issued by the district and that they could not be carried as assets of the bank. The defendant Phil L. Hall thereupon repurchased the $2,000 note from his mother, Helena B. Hall, and on February 10, 1931, sold the school district warrants to her. Subsequent developments proved the $2,000 note to be of no value, while the school district warrants were paid in full. Plaintiff contends that the transaction was a fraud upon the depositors of the bank and that this action was subsequently commenced to recover damages for the alleged fraud.

It is not disputed that the transfer of the warrants to Helena B. Hall appears upon the books of the bank under date of February 10, 1931, and that this action was commenced on October 19, 1935, more than four years thereafter. Defendants contend that the action was barred by the statute of limitations. Plaintiff contends that the auction sale was not held in good faith and that the action of Hall in causing the land to be bid in at $117 an acre concealed the worthlessness of the $2,000 note and that the statute did not commence to run until January 20, 1932, when the true character of the auction sale is alleged to have been first discovered.

The Greenwood State Bank became insolvent and was taken over by the banking department for liquidation on or about January 15, 1934. As such receiver, the depart-

ment of banking occupied a fiduciary relationship with the creditors of the bank. This court has held that directors of a corporation hold the property of the corporation for the benefit of creditors but only under a trust that is implied or constructive in nature and not such as to bar the statute of limitations. *Department of Banking v. McMullen,* 134 Neb. 338, 278 N. W. 551. That the receiver takes the property of the corporation subject to the conditions and legal disabilities with which it was burdened in the hands of the directors of the corporation is well settled. *Torgeson v. Department of Trade and Commerce,* 127 Neb. 38, 254 N. W. 735.

The evidence shows that the sale of the school district warrants to Helena B. Hall was complete on February 10, 1931, and the transaction was shown on the books of the bank on that date. In a similar case, *Cooper v. Hill,* 94 Fed. 582, the court said: "The contention of the appellee that the cause of action for fraud is not barred by this statute, because the time under it does not commence to run until the discovery of the facts constituting the fraud, has been considered. But the salient facts of this case were spread upon the books of the bank. They were all known in October, 1889, to the cashier, Clinton, who succeeded Cooper when he made the record of the resolution for the reconveyance of the mining property; and Clinton had no interest in this matter adverse to the bank, and he was its chief officer and agent. Notice to him was notice to his principal, the bank. There was no concealment, no secrecy, no deceit, in the acts of the appellant; and the time, under this section of the statute, commenced to run when the diversion of the fund was complete. In this state of the facts the receiver and the creditors and stockholders of the bank, whom he represents, stand in its shoes. Their rights here are merely those of assignees of the bank, and as such they have acquired no cause of action which the bank did not have before the receiver was appointed."

In the instant case, the transaction complained of was completed on February 10, 1931. It appears upon the books

of the bank as of that date. There was no concealment of the facts surrounding the transaction. The running of the statute is not delayed until plaintiff can procure the evidence to maintain the action. The plaintiff's cause of action accrued on February 10, 1931, and the statute of limitations commences to run from that date. See *Department of Banking v. McMullen, supra.* This action, not having been commenced within four years from that date, is barred by the provisions of section 20-207, Comp. St. 1929.

The plaintiff further contends that the auction sale of the Sheffer land, held in November, 1930, amounted to a fraud for which the defendants Hall must respond in damages. It is claimed among other things that a *bona fide* bid of $115 an acre was made by one Olof Olson, and that the acceptance of that bid would have paid off all the liens against the land, including the $2,000 note involved in this action. The record discloses that the Olson bid was made to encourage the bidding and with no intent on the part of Olson to buy the land. The bid was made pursuant to an arrangement with a representative of the bank. The land was finally bid in by John Wiedeman for the bank in the amount of $117 an acre. The evidence shows that there was no *bona fide* bid made in excess of the amount of the first mortgage. There is no evidence in the record that the Sheffers were able to pay a deficiency judgment, if one had been obtained. We necessarily come to the conclusion that the creditors of the bank were in no way damaged by the action of the bank's officers in buying the land to protect their second lien. In any event, the whole transaction was set up on the records of the bank on February 10, 1931. What we have said in the fore part of this opinion with reference to the statute of limitations applies with equal force to the alleged fraudulent land sale. The claim for damages growing out of the sale of the land to the bank is likewise barred by the statute of limitations.

The statute of limitations was pleaded as a defense and a motion for a directed verdict was made by each of the defendants at the close of all the evidence on the ground

that the evidence disclosed that the statute of limitations was a bar to the action. We think that this motion should have been sustained. The judgment of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.