REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission.
1. Is there a 180 day limitation on the filing of charges with the Nebraska Equal Opportunity Commission under the Equal Pay Act?
2. If not, what statute governs time limitations for the filing of charges under the Equal Pay Act with the Nebraska Equal Opportunity Commission?
3. What commences or triggers the running of the applicable statute of limitations for purposes of determining the Commission's jurisdiction over charges filed under the Equal Pay Act?
1. No.
2. Section 48-1224, R.R.S. 1943.
3. A violation of the provisions of section 48-1221, R.R.S. 1943.
You have advised this office of questions raised regarding the Commission's jurisdiction over charges filed with it under the Equal Pay Act, sections 48-1219 to48-1227, R.R.S. 1943. The answers to those questions are set forth below.
 1.
First, you advise us that you have been confronted with the contention that there is a 180 day time limit from the filing of charges with the Nebraska Equal Opportunity Commission under the Equal Pay Act. A reading of the statutes reveals no provision therein which imposes a 180 day time limit for the filing of charges. The Rules and Regulations of the NEOC adopted pursuant to said Act, similarly contain no requirements regarding time for filing of charges. Inasmuch as neither the Act nor the Rules and Regulations adopted pursuant thereto expressly impose a 180 day limitation to the filing of charges, such a limitation could only occur by implication. There seems, however, no reason to imply it.
You have advised us that arguments for implication have been made on the basis of the fact that a 180 day filing limit applies to charges filed under the Nebraska Fair Employment Practices Act, section 48-1101, et seq., R.R.S. 1943. In our opinion, that argument offers no foundation for implying such a limitation into the Equal Pay Act, for the reason that, if we begin to assume that a time limitation contained in one act administered by the Commission could or should be implied into another act, the question then arises as to why the limitation found in the Fair Employment Practices Act, as opposed to limitations found in other statutes administered by the Commission, should be selected for implication.
We cannot therefore place our imprimatur on that proposition, possessing as it does, only a pretext of validity. We are of the opinion that there is no 180 day requirement under the Equal Pay Act for the filing of administrative charges with the Commission, inasmuch as we are unwilling to impose by interpretative implication, a time limitation conspicuously omitted by the Legislature.
 2.
Absent a 180 day time limit for the filing of charges under the Equal Pay Act, the question arises as to what time limitations do apply to the filing of charges with the NEOC for alleged violations of the Equal Pay Act. That question is more troublesome. As noted above, the Act contains no express 180 day limitation for the filing of charges under the Act. The fact is, there is no express limitation for the filing of charges under the Act contained in any of its provisions. In that connection, it must be noted that nothing in the Act itself expressly requires the filing of acharge with the Nebraska Equal Opportunity Commission by a person claiming to be aggrieved, in order to invoke the provisions and protections contained therein. It is Rule 2 of the Commission's Rules and Regulations pertaining to the Equal Pay Act, rather than the Act itself, which authorizes and establishes the requirements for the filing of a formal charge with the Equal Opportunity Commission. That rule, quite appropriately, does not incorporate or impose any time limitations on the filing of such charges. The only provision within the Equal Pay Act which sets forth time limitations in section 48-1224. That section provides:
 "Court action under the provisions of sections 48-1219 to 48-1227 may be commenced no later than four years after the cause of action accrues."
In the absence of any indication from the Legislature that it intended the Commission's jurisdiction to be shorter than or extend beyond that period of empowerment in the courts, we can only assume that section 48-1124, relating to the expiration of judicial jurisdiction, applies equally to that of the Commission's jurisdiction. Accordingly, the Commission may accept charges alleging violations of the Equal Pay Act for a period up to four years `after the cause of action accrues' under the Equal Pay Act.
 3.
Finally, we address the query as to what commences or triggers the running of the applicable statute of limitations (determined above to be section 48-1124, R.R.S. 1943) for the purposes of the Commission's jurisdiction over charges filed with it under the Equal Pay Act. For resolution of that question, we again look to section 48-1224
which, as previously stated, provides for court action to be brought `no later than four years after the cause of action accrues.' Therefore, your third question begs another, to wit: when does the `cause of action accrue?' In that connection, the Nebraska Supreme Court has stated: `When the cause of action accrues is a judicial question, and to determine it in any particular case is to settle a general rule of law for a class of cases which must be founded upon justice and reason.' Department of Banking v. McMullen,134 Neb. 338, 345, 278 N.W. 551. Unfortunately, in this instance the judiciary has neither addressed nor answered the question. Absent that occurrence, we will undertake to render an opinion which in turn relies on guidance provided by the courts on the question in other cases and in other contexts.
In Department of Banking v. McMullen, supra, the Supreme Court was asked to answer the question of when the statute of limitations commenced to run vis-a-vis an action for breach of contract. In that case, the court stated:
 ". . . `[On] an action for a breach of contract . . . a right of action accrues and the statute begins to run at the time the contract is broken, not at the time when actual damage results or is ascertained; nor does the subsequent accrual of additional damages resulting from the same breach afford a new cause of action so as to create a new period of limitation. . . .'"
 "`The running of the statute is not delayed until plaintiff can get sufficient evidence to maintain his action.'. . ." (134 Neb. at 345, 346)
Correspondingly, Corpus Juris Second states:
 ". . . As applied to cause of action, the term `to accrue' means to arrive, to commence, to come into existence, to begin a present enforceable demand, and cause of action is deemed to have accrued when facts exist which authorize one party to maintain an action against another, or at the moment when the party owing it has a legal right to sue thereon. . . ." 1 C.J.S., § 124, Accrual of Cause of Action, p. 1386.
Under the Equal Pay Act an employer becomes liable to an employee when it violates the provisions of section48-1221. Section 48-1221 prohibits, inter alia, `paying wages to an employee . . . at a wage rate less than the rate at which the employer pays any employee of the opposite sex . . . for equal work on jobs which require equal skill, effort and responsibility under similar working conditions.'
Thus, it is our considered opinion that the statute is triggered and begins to run on the first day that the employee claiming to be aggrieved is enumerated, for example, for employment `at a wage rate less than the rate at which the employer pays any employee of the opposite sex . . . for equal work on [a job] which require[s] equal skill, effort, and responsibility under similar working conditions.' Correspondingly, the Commission must deem charges alleging violations of the Act which began more than for years prior to the filing of the charge as untimely.
Summarizing now, it is our opinion that: 1. There is no 180 day limitation on the filing of charges under the Equal Pay Act. 2. Section 48-1224, R.R.S. 1943, is the applicable statute for the determination of time limitations which govern the filing of charges alleging violations of the Equal Pay Act with the Nebraska Equal Opportunity Commission. 3. A violation of the provisions of section48-1221 commences or triggers the running of the statute of limitations contained in section 48-1224. It is from the date of that occurrence, that the Commission's jurisdiction over a charge, must also be measured and determined. Hence, both the employee's right to file a charge and the Commission's jurisdiction over it are extinguished upon the passage of four years.